City of AKRON, Appellee,

v.

BREECH, Appellant.█

[Cite as *Akron v. Breech* (1993), 89 Ohio App.3d 537.]

Court of Appeals of Ohio,
Summit County.

No. 16133.

Decided Aug. 11, 1993.

*Reed Aeschliman,* City Prosecutor, for appellee.

*Lawrence Whitney,* for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Lawrence Breech from his conviction in the Akron Municipal Court on one count of driving while under suspension (Akron City Code 71.07).

On October 13, 1992, Officer Lester McKeel received a call at the Akron Police Department from an informant. This informant told Officer McKeel that appellant was an unlicensed driver, that he was driving, and that he was currently at a local gas station. Officer McKeel also had knowledge of appellant's suspension through the officer's work on an unrelated investigation of the appellant.

Officer McKeel dispatched the information by radio and Sergeant Ken Culver, who was in the area of the gas station, responded. Upon approaching the gas station, Sergeant Culver testified that he saw a car matching the description given by the informant parked by a pay phone and a man standing by the phone booth. Although he did not see who entered the car, Culver saw the car exit the gas station. Culver stopped the vehicle, identified the driver as the man by the phone booth, checked the man's driver's license, and issued a citation to the driver, the appellant herein, for driving while under suspension.

Appellant appeals his conviction, asserting two related assignments of error:

"I. The trial court errored [sic] in overruling appellant's motion to dismiss the complaint in this case, by finding that the arresting officer had probable cause to stop appellant, in violation of appellant's right to be secure against unreasonable search and seizure as guaranteed by United States Constitution, Amendment IV, and Article I, Section 14, Ohio Constitution, and further appellant's arrest was in violation of Ohio Revised Code Section 2935.03.

"II. The trial court errored [sic] in finding that there was probable cause for the arrest of appellant, when such an arrest was based upon an informant, and when there is no showing of the reliability of such informant all in violation of appellant's rights as secured by United States Constitution, Amendment IV and Article I, Section 14, Ohio Constitution."

Appellant argues that because Sergeant Culver did not know that the appellant was the driver of the car and was relying on information from an unreliable informant, he lacked probable cause to stop appellant. Therefore, he contends, the trial court erred in denying his motion to dismiss the complaint.

Even if Sergeant Culver lacked probable cause to stop the appellant and made an illegal arrest, appellant's conviction would still be upheld. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews* (1980), 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537, 547; *State v. Nicklin* (Apr. 22, 1992), Wayne App. No. 2667, unreported, at 5, 1992 WL 82669. See, also, *New York v. Harris* (1990), 495 U.S. 14, 19, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13, 21.

Appellant's assignments of error are, therefore, overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DICKINSON, J., concur.