OPINION
{¶ 1} Defendant-appellant, Frank Egbert, appeals the decision of the Hamilton Municipal Court to deny his motion to suppress evidence related to a charge of driving while under the influence of alcohol ("DUI"). Judgment affirmed.
 {¶ 2} Appellant was charged with DUI under R.C.4511.19(A)(1), now R.C. 4511.19(A)(1)(a), after he was involved in an automobile accident in the city of Hamilton in September 2003. Appellant filed a motion to suppress evidence. The trial court granted part of his motion, but overruled a majority of the issues. Appellant subsequently pled no contest and was found guilty of DUI, as charged. Appellant presents the following assignment of error on appeal:
 {¶ 3} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS."
 {¶ 4} When reviewing the denial of a motion to suppress, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Beltran, Preble App. No. CA2004-11-015, 2005-Ohio-4194, ¶ 15. Relying on the trial court's factual findings, we must then determine, without deference to the trial court, whether the court applied the appropriate legal standard. Id.
 {¶ 5} Appellant first argues that the trial court erred in denying his motion to suppress because there was no probable cause to arrest him for driving under the influence when no one witnessed him operating the vehicle and there was no indication that he was under the influence of alcohol.
 {¶ 6} In determining whether the officer had probable cause to arrest appellant for DUI, the test is whether, at the moment of arrest, the officer had sufficient information derived from a reasonably trustworthy source to cause a prudent person to believe that the suspect was driving under the influence. Statev. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212. This determination must be based on the totality of the surrounding circumstances. Id.
 {¶ 7} The trial court found that appellant was the operator of the vehicle and that he caused an accident by failing to yield the right of way to another vehicle. The record supports these findings.
 {¶ 8} There was testimony at the suppression hearing that appellant was outside of the vehicle when police arrived at the accident scene. However, the arresting officer testified that appellant provided his version of events at the scene. Appellant indicated that he pulled up to a stop sign at the intersection, proceeded into the intersection, and didn't see the other car until the last minute.
 {¶ 9} The driver of the other vehicle testified that a "gentleman ran a stop sign" and c[a]me out in front of me." The driver testified that she didn't see the driver of the other vehicle. She also testified that she called 9-1-1 from her cell phone within seconds of the impact. This witness estimated that police arrived within five minutes of her cell phone call.
 {¶ 10} The arresting officer testified that she spoke with appellant before he was transported to the hospital and appellant "smelled like beer" and had slurred speech. Appellant told the officer that he had "drunk two beers." The officer also testified that, based upon her training, experience and observations, appellant was driving impaired.
 {¶ 11} Under the applicable standard of review, we find that the trial court did not err when it found probable cause to arrest for driving under the influence of alcohol based upon the determination that appellant caused an accident as the driver of a vehicle, and that, within minutes of the accident, appellant exhibited slurred speech, "smelled like" beer, and admitted drinking two beers. See Fairfield v. Regner (1985),23 Ohio App.3d 79, 84 ("the weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence"); State v. McWilliams (Mar. 1, 1995), Hamilton App. Nos. C9-40378, C-940379 (sufficient probable cause found to arrest for DUI where defendant, who struck two stopped vehicles, was observed to have watery eyes, "lightly" slurred speech, and an odor of alcohol, and who admitted to consuming alcohol prior to accident.); State v. Hummel,154 Ohio App.3d 123, 2003-Ohio-4602, ¶ 35-41; see, also, City of Oregon v.Szakovits (1972), 32 Ohio St.2d 271, 273-274 (because defendants had admitted operating their vehicles, the officers had probable cause to arrest even though they had not observed the appellants operating their vehicles; chronology of events important to connect influence of intoxicants and time of operation of vehicle).
 {¶ 12} Under his sole assignment of error, appellant advances three additional arguments or issues challenging the procedures used to obtain a chemical test of alcohol levels. Specifically, appellant argues that Bureau of Motor Vehicles Form 2255 was not properly witnessed and signed, that the sample for the chemical test was not taken within two hours after operation of a motor vehicle, and the taking of his urine sample was not properly witnessed.
 {¶ 13} Before we turn to appellant's arguments concerning the chemical analysis, it is important to note that appellant pled no contest to and was found guilty of R.C. 4511.19(A)(1). R.C.4511.19(A)(1), prohibits the operation of a motor vehicle if the person is under the influence of alcohol or drugs of abuse. This subsection does not require the introduction of any results of chemical testing to meet the elements of the offense. See R.C.4511.19; see, also, e.g., Newark v. Lucas (1988),40 Ohio St.3d 100, 104 (for prosecutions of [R.C. 4511.19(A)(1)], the amount of alcohol found as a result of the chemical testing of bodily substances is not an element of the offense and of only "secondary interest;" defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle as a result of alcohol impairment is at issue in the prosecution of a defendant under such section).
 {¶ 14} Other courts have previously found that a defendant's "no contest" plea to an (A)(1) charge effectively waived his alleged errors regarding a chemical test for alcohol or drugs.State v. Braddock (Mar. 3, 1991), Knox App. No. 90-CA-35. "We have held that because a chemical test is not essential to a conviction under R.C. 4511.19(A)(1), a no contest plea is insufficient to preserve error in denying a motion to suppress a chemical test with respect to a conviction under that subdivision of the statute. State v. Spencer (June 14, 1995), Montgomery App. No. 14813; State v. Maudlin (Aug. 14, 1989), Clark App. No. 2494.
 {¶ 15} Where the trial court did not rely upon the results of the breath test in convicting the defendant, he was not prejudiced by any alleged error in the trial court's refusal to suppress the results of a breath test. State v. Anderson (Aug. 24, 1994), Hamilton App. No. C-930896.
 {¶ 16} Accordingly, waiver would be applicable unless it was clear under the facts of the case that the trial court relied upon the chemical testing results to find appellant guilty. We are unable to ascertain whether the trial court was provided and relied upon the results of the chemical test because the transcript of the plea hearing is not available, and we have not been provided with an App.R. 9 statement of the evidence.
 {¶ 17} By entering a plea of no contest, appellant admitted the truth of the facts alleged in the complaint. State v.Maudlin, Clark App. No. 2494. However, the trial court receiving a "no contest" plea must have enough information to support all the essential elements of the offense in order to enter a guilty verdict. Bowling Green v. Schabel, Wood App. No. WD-05-013,2005-Ohio-6522, ¶ 36.[1]
 {¶ 18} As we previously noted, R.C. 4511.19(A)(1) prohibits driving while under the influence of alcohol or drugs or both. This subsection does not require a chemical analysis of alcohol levels and the results of chemical testing is not an element of the (A)(1) offense.[2] Without any evidence detailing the statement of facts presented at the no contest plea, we cannot presume that the trial court was provided the chemical testing results and relied upon them to convict appellant of the offense of driving while under the influence. Without a transcript or statement, we must, therefore, presume the regularity and correctness of the proceedings below. Bowling Green, ¶ 37.
 {¶ 19} Based upon our decision on appellant's first issue for review and the fact that we must presume the correctness of the proceedings below, our review is complete. Appellant's sole assignment of error is overruled.
 {¶ 20} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] In the motion to suppress hearing, the trial court was presented with evidence of appellant's impairment that was independent of the evidence regarding the chemical analysis of alcohol levels.
[2] As we stated earlier, R.C. 4511.19 has been amended so that the offense in (A)(1) is now R.C. 4511.19(A)(1)(a).