[Cite as *State v. Blackshear*, 2011-Ohio-2059.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24302 |
| v. | : | T.C. NO. 10CR10 |
| ERIC A. BLACKSHEAR | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____29th____ day of ____April____, 2011.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

TINA M. McFALL, Atty. Reg. No. 082586 and CARL G. GORALESKI, Atty. Reg. No. 0024351, Assistant Public Defenders, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
         Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Eric Blackshear appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion to dismiss and found him guilty on his no contest plea of possession of heroin and having a weapon while under disability.  For the

following reasons, the judgment of the trial court will be reversed and the matter will be remanded for further proceedings.

I

**{¶ 2}** In October 2006, Blackshear was convicted of possession of crack cocaine, a felony of the second degree, and was sentenced to a mandatory term of two years in prison. With respect to post-release control, the termination entry stated:

**{¶ 3}** "The Court notifies the defendant that, as a part of this sentence, the defendant will be supervised by the Parole Board for a period of **Three** years Post-Release Control after the defendant's release from imprisonment, if the Parole Board determines that a period of Post Release Control is necessary for the Defendant."   (Emphasis in original.)

**{¶ 4}** Blackshear was released from prison in October 2008 and was placed on post-release control; he was supervised by the Adult Parole Authority (APA).  Pursuant to this supervision, Blackshear's residence was searched in October 2009; heroin and weapons were found in his residence, which led to the charges in this case.

**{¶ 5}** On February 23, 2010, Blackshear was indicted on one count of possession of heroin equal to or in excess of one gram, but less than five grams, and on two counts of having a weapon while under disability.  Blackshear filed a motion to dismiss the charges, in which he argued that post-release control had not been properly imposed in the 2006 case because the trial court "erroneously notified him that post release control was optional in his case."  Thus, he claimed that the imposition of post-release control was "void" and "a legal nullity" and that "[a]nything flowing from that illegal act must therefore be disregarded by the Court."  The trial court overruled the motion to dismiss, finding that Blackshear had

received adequate notice that he would receive post-release control.

{¶ 6} After his motion to dismiss was overruled, Blackshear pled no contest to one count of possession of heroin and one count of having a weapon while under disability; the other count of having a weapon while under disability was dismissed. The trial court found him guilty of both offenses and sentenced him to an aggregate term of three years in prison.

{¶ 7} Blackshear appeals from his conviction, raising three assignments of error.

II

{¶ 8} Blackshear's first assignment of error states:

{¶ 9} "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT/DEFENDANT'S MOTION TO DISMISS BASED ON *WATKINS V. COLLINS*."

{¶ 10} Blackshear claims that the trial court erred in overruling his motion to dismiss his indictment because post-release control was not properly imposed in his prior case. (The trial court's language suggested that post-release control was within the discretion of the APA when, in fact, it was mandatory.) He questions the trial court's reliance on *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, wherein the petitioners sought writs of habeas corpus, "[b]ecause the standard of review in a habeas case differed considerably from the standard of review when considering a[n] erroneous imposition of post-release control." The State argues that the trial court's sentencing entry "was sufficient to notify Blackshear that he would be placed on post-release control after he served his prison term."

{¶ 11} "Post-release control" involves a period of supervision by the Adult Parole

Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). "[A]mong the most basic requirements of post-release control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to Crim.R. 32(C)." *State v. Terry*, Darke App. No. 2009CA05, 2010-Ohio-5391, ¶15, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶69. Post-release control is mandatory for some offenders and is imposed at the discretion of the Parole Board for others. R.C. 2967.28(B); *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶11.

{¶ 12} When a trial court does not impose post-release control in accordance with statutorily mandated terms, that portion of the sentence is void. *State v. Renner*, Montgomery App. No. 24019, 2011-Ohio-502, ¶17, citing *Bloomer* at ¶69, 71, and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶30. Language that "appears to allow the parole board discretion to impose less than [the mandatory term] of post-release control" does not conform to the statutory mandates, rendering that portion of the sentence void. *State v. Gonzalez*, Lorain App. No. 09CA9528, 2009-Ohio-5759, ¶8-9 (wherein the trial court imposed post-release control for "up to a maximum of five years" when five years was mandatory). See, also, *Renner* at ¶3 and *State v. Pointer*, Montgomery App. No. 24210, 2011-Ohio-1419, ¶3 (wherein the trial court stated that the defendant "will/may serve a period of post-release control under the supervision of the parole board," when the term was mandatory).

{¶ 13} In Blackshear's case, the trial court stated that, as part of his sentence, Blackshear "will be supervised by the Parole Board for a period of **Three** years Post-Release Control after [his] release from imprisonment, if the Parole Board determines that a period of Post Release Control is necessary for the Defendant." Because the trial court's language suggested that the period of post-release control was within the Parole Board's discretion when, in fact, the period was mandatory, we must conclude that the term of post-release control was not properly imposed and was void. See *Gonzalez*, supra; *Renner*, supra; and *Pointer*, supra. As result of that failure, the APA lacked authority to supervise Blackshear at the time of the offenses for which he is charged in this case. See *Pointer* at ¶28.

{¶ 14} Blackshear argues that his motion to dismiss should have been granted because of the trial court's error in imposing post-release control in his previous case. Blackshear's indictment for possession of heroin and having weapons under disability, however, was not directly related to whether he was properly subject to post-release control at the time of these offenses. Blackshear's case differs from many other cases in which the imposition of post-release control has been challenged, such as when a defendant is charged with escape from the supervision imposed pursuant to post-release control. See, e.g., *Pointer*, supra, and *Renner*, supra. Blackshear's possession of heroin and having weapons under disability, if proven or admitted, were criminal offenses irrespective of his supervision by the APA. Thus, his argument with respect to post-release control did not call into question the validity of the indictment in this case. The trial court did not err in overruling Blackshear's motion to dismiss the indictment for possession of heroin and having weapons while under disability.

{¶ 15} The first assignment of error is overruled.

III

{¶ 16} Blackshear's second assignment of error states:

{¶ 17} "THE TRIAL COURT ERRED WHEN IT RULED ON THE DEFENDANT'S MOTION TO DISMISS WHEN IT SHOULD HAVE TREATED THE MOTION AS A MOTION TO SUPPRESS."

{¶ 18} Blackshear contends that, because he was not properly placed on post-release control, the APA's search of his residence was a warrantless search conducted without probable cause and was illegal; accordingly, he contends that all of the evidence obtained as a result of the search should have been "unavailable to the State in its case-in-chief." Although he acknowledges that "a warrantless search does not require dismissal" of a case resulting therefrom, he argues that the court was required to suppress illegally obtained evidence. He contends that he was "severely prejudiced" by the trial court's failure to treat his motion to dismiss as a motion to suppress.

{¶ 19} Blackshear's motion was styled as a motion to dismiss, and his argument focused on the improper imposition of post-release control in his prior case. He concluded that the sentencing entry was "contrary to law and therefore *** void." Although he cited *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, and stated that "[a]nything flowing from that illegal act [the search] must therefore be disregarded by the Court," he did not emphasize this argument, ask the court to suppress evidence, or request an evidentiary hearing; he asked only that the court "dismiss this action and order [him] released from custody." When the State responded to his motion to dismiss, it argued

that post-release control had been properly imposed, but it did not address whether the search were legal if it was not a function of valid post-release control supervision.

{¶ 20} Blackshear recognizes in his brief that, even if the search were illegal, it did not constitute grounds for the dismissal of the charges. See, also, *United States v. Crews* (1980), 445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537 ("An illegal arrest, without more, has never been viewed as a defense to a valid conviction."); *State v. Maddox* (Nov. 4, 1982), Cuyahoga App. Nos. 44600 and 44608 (holding that remedy for unlawful arrest is suppression of evidence, not dismissal of charges); *Steubenville v. Taylor* (Jan. 21, 1998), Jefferson App. No. 96-JE-9; *Akron v. Breech* (Aug. 11, 1993), 89 Ohio App.3d 537, 538. Moreover, Crim.R. 12(C)(3) makes it incumbent on a party who wishes to challenge evidence on the grounds that it was illegally obtained to move to suppress the evidence, and Blackshear did not do so. He also failed to present any evidence to support his claim that the search was illegal and to put the State on notice of his desire to suppress the evidence. Under these circumstances, the trial court was not obligated to construe Blackshear's motion to dismiss as a motion to suppress.

{¶ 21} The second assignment of error is overruled.

IV

{¶ 22} Blackshear's third assignment of error states:

{¶ 23} "IF THE COURT FINDS THAT THE TRIAL COURT SHOULD NOT HAVE TREATED THE APPELLANT'S MOTION TO DISMISS AS A MOTION TO SUPPRESS, THEN IT MUST FIND THAT TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A MOTION TO SUPPRESS."

{¶ 24} Finally, Blackshear contends that, if we reject his argument that the trial court should have treated his motion to dismiss as a motion to suppress, we must find that trial counsel was ineffective in failing to file a motion to suppress.

{¶ 25} To reverse a conviction based on ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136. Deficient performance means that claimed errors were so serious that the defense attorney was not functioning as the "counsel" that the Sixth Amendment guarantees. *State v. Cook* (1992), 65 Ohio St.3d 516, 524.

{¶ 26} The "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000-Ohio-448, quoting *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Rather, trial counsel's failure to file a motion to suppress constitutes ineffective assistance of counsel only if the failure to file the motion caused the defendant prejudice; that is, when there is a reasonable probability that, had the motion to suppress been filed, it would have been granted. *State v. Howard*, Montgomery App. No. 23795, 2011-Ohio-27, ¶22, citing *State v. Wilson*, Clark App. 08CA0445, 2009-Ohio-2744, ¶11.

{¶ 27} As discussed above, it appears that Blackshear's post-release control was not properly imposed and was void. Blackshear states in his brief that the charges against him arose from a search of his residence by "parole," which we interpret as his parole officer or

others associated with the APA. Similarly, the State acknowledges in its brief that Blackshear was "monitored by his parole officer" after he was released from prison and that "the parole authority checked Blackshear's residence and located" the heroin and weapons that formed the basis for the charges against him. These descriptions suggest that the search was conducted solely pursuant to the APA's perceived authority to supervise Blackshear during a period of post-release control. The State does not contend that the search was conducted pursuant to a warrant or that probable cause existed to justify the search.

{¶ 28} Blackshear's post-release control, and thus his supervision by the APA, was void, and there does not appear to have been a separate constitutional basis for the search of his residence. Thus, we conclude, with the record before us, that there was a reasonable probability that a motion to suppress would have been granted, if one had been filed, and that counsel was ineffective in failing to file a motion to suppress. In reaching this conclusion, we recognize that the facts surrounding the execution of the search were never fully developed in the trial court, which makes it impossible for us to consider all of the factors that typically weigh on a decision to exclude evidence. For example, it is possible that Blackshear or someone else at his residence with authority to do so voluntarily consented to the search or there was some other exception to the warrant requrienent. Such factors can be explored in further proceedings.

{¶ 29} Blackshear's third assignment of error is sustained.

V

{¶ 30} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

R. Lynn Nothstine
Tina M. McFall
Carl G. Goraleski
Hon. Frances E. McGee