[Cite as *State v. Olmstead*, 2018-Ohio-971.]

OCOURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 17 COA 024 |
| BRANDON S. OLMSTEAD | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Ashland Municipal
Court, Case No. 16 CRB 01236


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  March 15, 2018


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

ANDREW N. BUSH     JOSEPH P. KEARNS, JR.
ASSISTANT LAW DIRECTOR  MASON, MASON & KEARNS
1213 East Main Street     Post Office Box 345
Ashland, Ohio  44805     153 West Main Street
             Ashland, Ohio  44805

*Wise, P. J.*

{¶1}   Appellant Brandon S. Olmstead appeals following his conviction, in the Ashland Municipal Court, Ashland County, for possession of drug paraphernalia and possession of marijuana. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On November 9, 2016, Detective Brian Evans of the Ashland Police Department was in possession of a warrant to search a residence located at 139 Maple Street, suspected of being the site of illegal drug trafficking. The search warrant also listed the person of Desmond Evege and his cell phone. That afternoon, Detective Evans and another officer, Detective Rohn, drove to the residence in question and set up a watch for Evege. Suppression Tr. at 25, 29. At some point shortly after 3:00 PM, Det. Evans observed Evege and "some other individuals" exit the house, head down Maple Street and then turn onto Arthur Street. Tr. at 25. Det. Evans also had another officer, Patrolman Abraham Neumann, in the area ready to assist. However, Det. Evans was not certain if appellant was with Evege when Evege walked out of the house. Tr. at 26.

{¶3}   Det. Evans then proceeded onto Arthur Street, at which point he observed that appellant and Evege were standing with two other male individuals in or near a BP gas station parking lot. Det. Evans exited his cruiser and went over to speak with Evege. Tr. at 26. When he first made contact with Evege, appellant was standing closer to Main Street, Evege was in the center, and the two others were closer to Maple Street, and all were within the space of a ten-foot line. *See* Tr. at 27, 30-31. Appellant appears to have then drifted away somewhat from the group. Evans directed his attention to Evege;

meanwhile, appellant at that point happened to be in closer proximity to Patrolman Neumann.

{¶4} Det. Evans said that as he came upon the group, he smelled an odor of burnt marijuana, although he could not determine at that time who in the group it was actually coming from. Tr. at 28, 32. But during Det. Evans' interaction with Evege, the officer could smell the odor of burnt marijuana coming from Evege's person. Tr. at 32. Evans at some point directed Neumann to search appellant. Tr. at 10, 29. In the meantime, Det. Rohn was occupied with the two other individuals in the group. Patrolman Neumann later recalled that appellant was approximately ten yards north of "the group." Tr. at 6. When Neumann came to appellant he smelled the odor of burnt marijuana. Tr. at 7. Patrolman Neumann at some point found, on or about appellant, a cellophane wrapper with marijuana "roaches" inside. Tr. at 7.

{¶5} Appellant was thereafter charged with violating Ashland City Ordinance 513.12(C)(1), possession of drug paraphernalia, and 513.03(C)(2), possession of marijuana.

{¶6} Appellant filed a motion to suppress the items found on his person. A hearing was conducted on the issue on April 25, 2017. Det. Evans, Patrolman Neumann, and appellant testified. Appellant presented a different version of events, testifying in particular that the officers quickly came upon the group of men and handcuffed Evege and him simultaneously. After said hearing, the trial court overruled the motion in its entirety. The court *inter alia* found appellant's testimony "completely devoid of credibility." Judgment Entry, May 30, 2017, at 3.

{¶7} Appellant pled no contest to both charges on June 06, 2017 and was convicted, receiving a sentence of 15 days on each charge, concurrent, $150.00 fine on each case, plus costs, and a one-year license suspension on the marijuana possession charge.

{¶8} Appellant filed a notice of appeal on June 30, 2017. He herein raises the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT RULED THAT PHYSICAL EVIDENCE WAS PROPERLY OBTAINED BY LAW ENFORCEMENT."

I.

{¶10} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to suppress the evidence against him obtained as a result of the events of November 9, 2016. We disagree.

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d

726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶12}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

### Initial Contact with Officers

**{¶13}** Police officers are permitted to engage in "consensual encounters" with citizens without running afoul of Fourth Amendment prohibitions on searches and seizures. *See United States v. Hinojosa*, 534 Fed.Appx. 468, 470 (6th Cir. 2013), citing *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *United States v. Waldon,* 206 F.3d 597, 602–03 (6th Cir. 2000). A consensual encounter occurs "* * * when the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away." *State v. Daniels*, 5th Dist. Stark No. 2002CA00290, 2003–Ohio–2492, ¶ 12, quoting *State v. Taylor* (1995), 106 Ohio App.3d 741, 747, 667 N.E.2d 60. We review the issue of the existence of a consensual encounter by examining the totality of the circumstances. *See Florida v. Royer* (1983), 460 U.S. 491, 506–507, 103 S.Ct. 1319, 75 L.Ed.2d 229.

**{¶14}** Upon review of the record in the case *sub judice*, while Det. Evans had a warrant for Evege, we find the officers' initial contact with appellant near the BP gas

station constituted a consensual encounter. However, we hold that once Det. Evans, having exited his cruiser, detected a smell of burnt marijuana from the group, his directive to Neumann to stop and search appellant converted the encounter to a *Terry* stop.

### *Terry Stop*

**{¶15}** Because some contacts that start out as constitutional may at some point cross a line and become an unconstitutional seizure (*see United States v. Weaver*, 282 F.3d 302, 309 (4th Cir. 2002)), we next consider the constitutionality of Patrolman Neumann's pedestrian stop of appellant.

**{¶16}** A *Terry* stop is an investigatory detention, more intrusive than a consensual encounter, but less intrusive than a formal custodial arrest, and such a stop is valid if the officer had a reasonable and articulable suspicion of criminal activity. *See State v. Stonier*, 5th Dist. Stark No. 2012 CA 00179, 2013–Ohio–2188, ¶ 43. "In determining whether a temporary seizure without probable cause is itself permissible, *Terry* established that the officer must have reasonable articulable suspicion of criminal activity based on 'specific and articulable facts' and 'rational inferences from those facts[.]' *Id.* at 21. This initial inquiry must be satisfied in order to justify any detention at its inception." *Brunswick v. Ware*, 9th Dist. Medina No. 11CA0114-M, 2011-Ohio-6791, ¶ 18 (Belfance, P. J., dissenting).

**{¶17}** In Patrolman Neumann's testimony at the suppression hearing, he stated that when he first arrived at the area of the BP station, appellant was standing "probably maybe ten yards *** north of the group." Tr. at 6. Neumann then walked toward appellant. *Id.* The prosecutor at the hearing asked appellant: "So again, in this instance when you came upon Mr. Olmstead you smelled the odor of burnt marijuana, is that correct?" Tr. at

7. Neumann answered: "That is correct." *Id.* During cross-examination, Neumann added that appellant "smelled of the odor of marijuana *as well.*" Tr. at 10 (emphasis added). As such, we find no merit in appellant's insistence that Neumann never stated that he smelled the odor of burnt marijuana coming from appellant's person. *See* Appellant's Brief at 9.

{¶18} It is presently undisputed that Det. Evans did not have a search warrant for appellant's person (only for Evege), and even though appellant was not far from the house at 139 Maple Street, Det. Evans could not state with 100% certainty that appellant had recently left said residence. However, the smell of marijuana gives rise to a reasonable suspicion that the person stopped is engaged in criminal activity. *State v. Hopper*, 8th Dist. Cuyahoga No. 91269, 2009-Ohio-2711, ¶ 20, citing *State v. Moore,* 90 Ohio St.3d 47, 53, 734 N.E.2d 804, 2000-Ohio-10. While in the fluidity of these events there appears to have been a brief lapse of time between Det. Evans' detection of the burnt marijuana smell emanating from the general group and the point at which Neumann walked up to appellant, about ten yards from the group, and noticed a marijuana smell on him, we conclude the State showed via the suppression testimony a reasonable articulable suspicion of criminal activity justifying the *Terry* stop of appellant.

{¶19} Appellant also urges that Neumann was not shown to have been qualified to testify as to the smell of burnt marijuana. However, Neumann noted as follows:

> Well, obviously, I went to high school and I was around people that
> smoked marijuana, and I have been around people that smoked marijuana
> in the military, and we never burned marijuana in my training academy, but
> I have made  - -  I have been here ten years, going on ten years in October,

but I have been around cars that have been stopped with burnt marijuana

in the car prior to the car being stopped.

**{¶20}** Tr. at 7.

**{¶21}** The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. *State v. Diaz*, 5th Dist. No. 2016 CA 00113, 2017-Ohio-262, 81 N.E.3d 866, ¶ 27. We find the State sufficiently established Neumann's qualifications to testify at the suppression regarding the smell of marijuana.

*Search of Appellant's Person*

**{¶22}** Finally, we consider whether Patrolman Neumann properly expanded the *Terry* stop into a search of appellant's person.[1] In *Moore*, *supra*, the Ohio Supreme Court held that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search of a vehicle or person. *Id.* at 53. The Court also aptly recognized: "Because marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may be justified to preserve evidence." *Id.* at 52, citing *United States v. Wilson* (C.A.1, 1994), 36 F.3d 205 (additional citations omitted). Given Neumann's aforecited testimony and the additional circumstances of appellant's proximity to Evege, the subject of a drug-related search warrant at the time in question, we find probable cause existed to permit a warrantless search of appellant's person.

---

[1] We note Neumann did not specifically testify as to how or where appellant was carrying the contraband items. Although appellant seems to take issue with this in his brief, the question of the sufficiency of the evidence going to the possession offenses is not before us.

## *Conclusion*

**{¶23}** Accordingly, upon review, we hold the trial court did not err in denying appellant's suppression motion in regard to the discovery and seizure of the marijuana roaches at issue.

**{¶24}** Appellant's sole Assignment of Error is therefore overruled.

**{¶25}** For the reasons stated in the foregoing opinion, the judgment of the Ashland Municipal Court of Ashland County, Ohio, is hereby affirmed.

By: Wise, P. J.

Gwin, J., and

Hoffman, J., concur.

JWW/d 0226