[Cite as *State v. Wenzel*, 2020-Ohio-1215.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| DONALD G. WENZEL, JR. | Case No. 2019 CA 00077 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Municipal Court,
                                Case No.  2019 TRC 03224


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         March 27, 2020


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

CAROLINE J. CLIPPINGER           JAMES R. COOPER
ASSISTANT LAW DIRECTOR           MORROW, GORDON & BYRD, LTD.
40 West Main Street              33 West Main Street
4th Floor                        P.O. Box 4190
Newark, Ohio  43055              Newark, Ohio  43058-4190

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Donald George Wenzel, Jr. appeals his OVI conviction in the Municipal Court, Licking County. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On March 31, 2019, shortly before 3:00 AM, Officer Matthew Newlun of the Granville (Village) Police Department was dispatched on a "mutual aid" call to a location on Welsh Hills Road in Granville Township, about a mile outside of the village limits. The officer thereupon observed a male, later identified as appellant, standing outside of his Mercedes-Benz automobile that had become stuck in a ditch.

**{¶3}** Officer Newlun thereupon made contact with appellant, who indicated that he had been trying to back up into a residential driveway but had "missed." Tr. at 28. Officer Newlun testified that Welsh Hills Road is a public roadway, and that in order to reach the ditch, appellant would have had to travel on the public thoroughfare. Tr. at 25. Appellant disclosed to the officer that he was coming from an alumni "reunion event." Tr. at 33. The officer noticed that appellant had an odor of alcoholic beverage coming from his person, and that he was displaying impaired speech and balance issues. Tr. at 28-29.

**{¶4}** Officer Newlun then asked appellant to perform field sobriety tests. Appellant was repeatedly uncooperative and/or unable to follow directions during the testing, and the officer detected numerous additional clues indicative of impairment. Tr. at 45-63.

**{¶5}** Appellant was thereupon arrested and charged with operating a vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)(a)). He declined to take a

chemical test upon Officer Newlun's request, and he refused to sign the BMV-2255 form. Tr. at 60-68.

{¶6} Appellant thereafter pled not guilty in the Licking County Municipal Court. He additionally filed a motion to dismiss and a motion to suppress the evidence pertaining to the field sobriety testing. Appellant also filed challenges to his administrative license suspension. The matter proceeded to a combined hearing and bench trial on July 16, 2019. The trial court found appellant guilty as charged and sentenced him *inter alia* to 30 days in jail, with 27 days suspended, and a license suspension for one year.

{¶7} Appellant filed a notice of appeal on August 13, 2019. He herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT COMMITTED ERROR BY FINDING DEFENDANT-APPELLANT GUILTY BEYOND A REASONABLE DOUBT WHEN THE STOP AND ARREST OF DEFENDANT-APPELLANT WAS MADE BY POLICE OFFICERS OUTSIDE THEIR JURISIDICTION [SIC] AND STATUTORY AUTHORITY AND THERE WAS NO EVIDENCE OF A CONTRACT FOR MUTUAL AID AUTHORIZED BY LEGISLATIVE AUTHORITY.

{¶9} "II. THE TRIAL COURT ERRED BY CONVICTING DEFENDANT-APPELLANT WHEN THERE WAS A REASONABLE DOUBT THAT DEFENDANT-APPELLANT OPERATED THE MOTOR VEHICLE ON A PUBLIC HIGHWAY AS ALLEGED."

I.

**{¶10}** In his First Assignment of Error, appellant in essence contends the trial court erred in finding him guilty of OVI based upon the State's alleged failure to prove the existence of an authorized mutual law enforcement aid agreement. We disagree.

**{¶11}** We interpret appellant's present assigned error as a challenge to the sufficiency of the evidence leading to his conviction. In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. It is well-established that the State bears the burden of establishing each and every element of a charged crime and must do so with proof beyond a reasonable doubt. *See In re L.R.*, 8th Dist. Cuyahoga No. 93356, 2010–Ohio–15, 2010 WL 27862, ¶ 11.

**{¶12}** However, we do not accept the implicit proposition in appellant's sufficiency claim that the existence of an agreement for mutual aid is an "essential element" of the offense of OVI in the present context under Ohio law. Moreover, appellant urges *inter alia* that Officer Newlun made an unlawful arrest, as he allegedly "was without authority to write the ticket on behalf of the Village of Granville." Appellant's Brief at 7. But an illegal arrest, without more, is not viewed as a defense to a valid conviction. *State v. Blackshear*, 2nd Dist. Montgomery No. 24302, 2011-Ohio-2059, ¶ 20, citing *United States v. Crews* (1980), 445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537. Accordingly, the general remedy for unlawful arrest is suppression of the evidence, not dismissal of

the charges. *Blackshear*, citing *State v. Maddox*, 8th Dist. Cuyahoga Nos. 44600 and 44608, 1982 WL 2521.

**{¶13}** In the case *sub judice*, appellant filed *inter alia* a pretrial motion to dismiss, challenging the statutory authority of officers of the Granville Village Police to arrest him, as well as a "motion to suppress evidence of his refusal to submit to testing." Both motions were filed on the same day (April 8, 2019) and heard at the same time as part of the July 16, 2019 bench trial. Under such circumstances, and in the interest of justice, we will treat the two motions as effectively merged and thus consider appellant to have filed for the suppression of his arrest on the a mutual aid agreement issue as well.

**{¶14}** Pursuant to R.C. 737.04, political subdivisions may enter into agreements whereby police officers from one jurisdiction may enter into another jurisdiction to provide police services. *Perry v. City of E. Cleveland*, 11th Dist. Lake No. 95-L-111, 1996 WL 200558. Thus, for example, a municipal police officer who is a member of a police task force that, by the terms of a contract under R.C. 737.04, includes several municipalities and provides for general police services, has the same authority to make warrantless arrests of misdemeanor offenders within the territory of the contracting municipalities that he has within the municipality that appointed him. *See* 1986 Ohio Attorney Gen. Op. No. 065.

**{¶15}** In the case *sub judice*, a copy of the Licking County Mutual Aid Agreement, with signatures of representatives of various law enforcement agencies, was admitted into evidence at the combined hearing conducted by the trial court on July 16, 2019. Specifically, Officer Newlun testified that he had seen and was aware of said agreement, and he identified the document during his time on the stand. *See* Tr. at 26, 27, 92, 93.

However, appellant presently posits that no additional evidence of the corresponding "legislative authority" of the pertinent municipal corporations or political subdivisions was entered into evidence.

**{¶16}** The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. *State v. Olmstead*, 5th Dist. Ashland No. 17 COA 024, 2018-Ohio-971, ¶ 21, citing *State v. Diaz*, 5th Dist. No. 2016 CA 00113, 2017–Ohio–262, 81 N.E.3d 866, ¶ 27. This Court, in S*tate v. Royster*, 5th Dist. Stark No. 1997CA00372, 1998 WL 351413, addressed a factual situation in which Portage County law enforcement officers had assisted an investigation in the City of Alliance, in Stark County, under R.C. 509.06. We concluded in pertinent part: "[Portage County] Deputy Sloan's testimony that she was helping the Alliance Police Department pursuant to the authority of the mutual-aid agreement, executed between the two police departments, was sufficient to withstand appellant's supplement to his Motion to Suppress." *Id.*

**{¶17}** In a similar fashion, upon review, we find Officer Newlun's lawful authority to arrest appellant was properly documented via the testimony and evidence presented showing the existence of a mutual aid agreement between the Granville Village Police Department and the Licking County Sheriff's Department.

**{¶18}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶19}** In his Second Assignment of Error, appellant contends the State failed to prove its case against him for OVI. We disagree.

**{¶20}** As set forth above, in appellate review of a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks, supra.*

**{¶21}** Appellant herein was convicted under R.C. 4511.19(A)(1)(a), which states: "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, \*\*\* [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶22}** Appellant, questioning whether the State proved his "operation" of a motor vehicle, largely focuses on the fact that after Officer Newlun arrived on the scene, appellant was already outside of the car in question. But appellant does not dispute that a witness, Joseph L., watching from inside his residence near the scene, had seen the Mercedes being driven up and down Welsh Hills Road, the car being backed into a ditch, and then a male driver exiting, although Joseph could not positively identify who was driving the car during those observations. *See* Tr. at 18-19. Joseph specifically noted that he saw no one else in the vehicle or in the area prior to calling 911. Tr. at 9. Also, a defendant's admission to driving (as occurred here on the dashcam video - *see* Tr. at 32-33) even through the responding officer does not observe the actual operation of the vehicle, can be used as evidence of probable cause. *State v. Egbert*, 12th Dist. Butler No. CA2004-12-304, 2006-Ohio-744, ¶ 11, citing *City of Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, 273-274. Finally, we have long emphasized that circumstantial and direct evidence possess the same probative value. *State v. Fields*, 5th Dist. Stark No. 2018 CA

00002, 2018-Ohio-4394, ¶ 49, citing *State v. Turner*, 5th Dist. Stark No. 1998CA00018, 1998 WL 818769.

{¶23} Accordingly, upon review, we find appellant's conviction for OVI was supported by sufficient evidence.

{¶24} Appellant's Second Assignment of Error is therefore overruled.

{¶25} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0228